**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **WILLIAM P. ZANDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 13-4016-RDR-GLR** |
| | ) | |
| **KNIGHT TRANSPORTATION,** | ) | |
| **INC.,  et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

**NOTICE**

Within fourteen days after a party is served with a copy of this Report and

Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file

written objections to the Report and Recommendation.  A party must file any objections within

the fourteen-day period allowed if that party wants to have appellate review of the proposed

findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely

filed, no appellate review will be allowed by any court.

**REPORT AND PROPOSED FINDINGS**

The above-captioned action comes before the undersigned magistrate judge upon referral

of Defendants' Motion for Sanctions and Motion to Strike, or Alternatively, Motion to Compel

(ECF 30).  Defendant Knight Transportation, Inc. ("Knight") and the individually named

defendants (collectively "Defendants"), ask the Court to enter an order of dismissal as sanctions

against Plaintiff William P. Zander for his failure to comply with the Court's March 20, 2014

Revised Scheduling Order (ECF 27).  Defendants further request that the Court strike Plaintiff's

Second Set of Integrated Discovery served on April 2, 2014, and Plaintiff's Amended Complaint

filed on April 17, 2014 (ECF 29).  Alternatively, Defendants ask the Court to order Plaintiff to

fully respond to Defendants' Second Interrogatories and Second Request for Production of

Documents and to appear for his deposition.  Defendants ask the Court to award them their

attorneys' fees pursuant to Fed. R. Civ. P. 37(d)(3).

**Factual Background**

The Court's original Scheduling Order required that all discovery be completed by

November 22, 2013.[1]  The parties jointly moved to extend the discovery deadline to

December 23, 2013, which the Court granted.[2]

On February 12, 2014, Defendants served their Second Interrogatories and Second

Request for Documents to Plaintiff.[3]  At a Status Conference on February 27, 2014, the Court

granted Plaintiff's oral motion for an additional fifteen days within which to respond to the

Second Interrogatories and Second Request for Documents.[4]  The Court held another Status

Conference on March 18, 2014, and directed Plaintiff to respond to the requests "forthwith."[5]

Following the Status Conference, the Court entered its Revised Scheduling Order which provides

that:

---

[1]ECF 7 at ¶ 2.b.

[2]ECF 15 and 16.

[3]ECF 24.

[4]ECF 25.

[5]ECF 26.

> Notwithstanding the Order of the Court, entered February 27, 2014, granting him an additional fifteen days to respond to the Second Interrogatories to Plaintiff and Second Request for Documents to Plaintiff, Plaintiff has failed to serve any responses. The Court directs him to serve those responses forthwith upon counsel for the Defendants and to file with the Court a Notice of Service to confirm that he has done so.[6]
>
> . . . .
>
> Plaintiff shall submit himself for his deposition by Defendants during the week of April 14, 2014, at a specific date and time to which all parties agree, and at a place designated by Defendants or at such other place to which the parties may agree.[7]

On April 3, 2014, counsel for Defendants sent a letter to Plaintiff, noting that it had been almost two weeks since Plaintiff was ordered to respond "forthwith" and Defendants had still not received any responses from Plaintiff nor had they heard from Plaintiff regarding his availability for his deposition.[8]  The letter states that "[i]t is imperative that you respond to these discovery requests so that the defendants can adequately prepare their defense to this matter and so that defendants can adequately prepare for your deposition."[9]  Plaintiff did not respond to this April 3 letter.

Plaintiff phoned counsel for Defendants on April 16, 2014, and stated that he was available for his deposition the next day, April 17, 2014.  By that time, counsel had scheduled matters out of town for April 17 and 18.  Counsel stressed that he needed Plaintiff's responses in order to adequately prepare for the deposition.  Plaintiff agreed to have the responses delivered to

---

[6] ECF 27 at ¶ 1.

[7] *Id.* at ¶ 3.b.

[8] ECF 30–2.

[9] *Id.*

-3-

counsel the following Monday, April 21, 2014, and agreed to have his deposition taken on Friday, April 25, 2014.  On April 17, 2014, Defendants filed their Notice to take Plaintiff's deposition on April 25, 2014.[10]

On Wednesday, April 23, 2014, counsel for Defendants called Plaintiff because he still had not received Plaintiff's responses, and informed Plaintiff that if he did not receive them by noon he would file a motion for sanctions.  Plaintiff then faxed to counsel a copy of Defendants' Second Request for Production of Documents, with hand-written responses interlineated, including: "you have them, object," "object asking for sanctions against Knight."  The handwritten notes are illegible, uncomprehensible, non-responsive and the document was not signed by Plaintiff.  Plaintiff failed to produce a single document.  Plaintiff admits that he did not respond to Defendants' Second Interrogatories.[11]

On the morning of April 24, Defense counsel informed Plaintiff by phone that his deposition was cancelled.[12]  Defendants then filed the instant Motion for Sanctions.  It states "[b]ecause complete responses to this discovery are necessary for Defendants to adequately prepare to take Plaintiff's deposition, Defendants had no alternative but to cancel the deposition previously set for April 25, 2014."[13]  Plaintiff appeared for the April 25 deposition because he "did not feel he could rely on a simple verbal cancellation."[14]

---

[10]ECF 28.

[11]ECF 35 at 2.

[12]ECF 39–1 at ¶ 13 (Declaration of James C. Sullivan).

[13]ECF 30 at ¶ 14.

[14]ECF 35 at 5.

**Discussion**

**Defendants' Motion for Sanctions and Attorneys' Fees**

Fed. R. Civ. P. 16(f)(1)(c) provides that "the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order."[15]  Fed. R. Civ. P. 37(b)(2)(A) provides that if a party "fails to obey an order to provide or permit discovery" the Court may dismiss the action in whole or in part.[16]  Although the Court has discretion to decide the appropriate sanction, that discretion "is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery."[17]  The Court must consider the purpose that imposing sanctions will serve, including "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management."[18]

The Tenth Circuit has held that because our legal system strongly prefers to decide cases on their merits, dismissal or default sanctions should be predicated on "'willfulness, bad faith, or [some] fault'" rather than simply "inability to comply."[19]  The Tenth Circuit has suggested various factors a district court may wish to consider in deciding whether dismissal is a proper sanction: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in

---

[15]Fed. R. Civ. P. 16(f)(1)(c).

[16]Fed. R. Civ. P. 37(b)(2)(A)(v).

[17]*Hopson v. Deffenbaugh Disposal Serv., Inc.*, No. 07-2232-CM, 2008 WL 4642274, at *4 (D. Kan. Oct. 17, 2008) (citing *Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 737 (10th Cir. 2005)).

[18]*Id.* (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990)).

[19]*Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) (citation omitted).

advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions."[20]  These factors "do not represent a rigid test" and are simply a non-exclusive list of criteria for the district court to consider prior to imposing dismissal as a sanction.[21]

    "Delays created by a party's failure to meet discovery deadlines and failure to cooperate with discovery prejudice the other parties by increasing the expense of time and attorney's fees."[22]  Clearly Defendants have been prejudiced by the delay and added time and expenses expended due to Plaintiff's failure to cooperate.  Plaintiff's conduct has likewise interfered with the judicial process.  However, because Plaintiff has not previously been warned that dismissal is available as a sanction and because a lesser sanction should be effective, the Magistrate Judge does not recommend dismissal at this time.  The Court should instead find that a proper sanction would be to order Plaintiff to compensate Defendants in the amount of $500 for reasonable expenses incurred and necessitated by the conduct of Plaintiff and to order him within fourteen days of its order to completely answer the interrogatories and comply with the requests for production.  The Court should also order Plaintiff to appear promptly for his deposition at a time and place in Kansas to be determined by Defendants, after conferring with counsel for Plaintiff.

---

[20]*Id.* at 1323 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

[21]*Id.*

[22]*Llamas v. City of Topeka, Kansas*, No. 04-4080-SAC, 2005 WL 767848, at *4 (D. Kan. March 8, 2005) (citing *Jones v. Thompson*, 996 f.2d 261, 264 (10th Cir. 1993); *Witherspoon v. Roadway Express, Inc.*, 142 F.R.D. 492, 493 (D. Kan. 1992)).

"A party and his counsel may both be held personally liable for expenses incurred in failing to comply with discovery orders."[23]  The Court notes that Plaintiff was appearing pro se during most of the time relevant to this discovery dispute.  Plaintiff was represented by counsel when he filed this action.  On December 19, 2013 the Court granted Plaintiff's counsel's motion to withdraw with Plaintiff's consent.[24]  On July 25, 2014, counsel for Plaintiff re-entered his appearance and is currently representing Plaintiff in this case.[25]  Plaintiff should be personally liable for the monetary sanction.  Although he suggests he was not afforded due process regarding the claim for sanctions, "[a]n opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient to satisfy due process requirements."[26]  Plaintiff had the opportunity to fully brief the issue by appropriate response to the motions, as provided by the Federal Rules of Civil Procedure and D. Kan. Rule 7.1.

Plaintiff is hereby given notice that this Court does not tolerate abusive litigation practices.  If he continues to disregard court orders or engage in abusive litigation practices, the Court may impose harsher sanctions against Plaintiff, including dismissal of this case.  This notice serves as advance warning to Plaintiff that dismissal of the action will be a likely sanction for any future noncompliance.

---

[23]*Porter Bridge Loan Co. v. Northrop*, 566 Fed. App'x 753, 756 (10th Cir. 2014) (unpublished) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980)).

[24]ECF 18.

[25]ECF 42.

[26]*Porter*, 566 Fed. App'x at 756 (citing *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 268 (10th Cir. 1995)).

**Plaintiff's Motion for Leave to File Amended Complaint (ECF 35)**

Plaintiff filed his Amended Complaint after the deadline for amending pleadings and without leave of Court.[27]  In his response to the pending motion he seeks leave to file his Amended Complaint.[28]  Fed. R. Civ. P. 15 governs amendments to pleadings generally.  But when the deadline for amending pleadings has expired, Rule 16(b)(4) is also potentially implicated.[29]  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Rule 16 allows such amendments only for "good cause," an arguably more stringent standard than for amending a pleading under Rule 15.  Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a), when deciding a motion to amend that is filed after the deadline set by the scheduling order.  Under this approach the Court must first determine whether Plaintiff has shown good cause within the meaning of Rule 16(b)(4) to justify allowing the untimely motion.  If the Court determines that Plaintiff has established good cause, then the Court will proceed to determine if the Rule 15(a) standard for amendment has been satisfied.[30]

To establish good cause under Rule 16(b)(4), "the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence."[31]

---

[27]*See* ECF 7 at 3.a ("Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by August 1, 2013.").

[28]ECF 35 at 10.

[29]Fed. R. Civ. P. 16(b)(4); *see Fifth Third Bank v. Canyon Crest Ins. Servs., Inc.*, No. 09–2440–CM, 2011 WL 7046019 at *1 (D. Kan. Dec. 1, 2011).

[30]*Fifth Third*, 2011 WL 7046019 at *1 (citation omitted).

[31]*Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, *3 (D. Kan. Oct. 12, 2010) (citations omitted).

Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[32]  Lack of prejudice to the nonmovant, furthermore, does not show "good cause."[33]  The good cause determination is within the district court's discretion, and will be reviewed only for abuse of discretion.[34]

If the movant establishes good cause, then the Court will proceed to determine if the Rule 15(a) standard for amendment has been satisfied.  Fed. R. Civ. P. 15 governs amendments to pleadings generally.  Except when an amendment is pleaded as a "matter of course," as defined by the rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[35]  Courts must "freely give leave when justice so requires."[36]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[37]

"Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."[38]  Courts will typically only find prejudice when an amendment unfairly affects non-movants "'in terms of preparing their [response] to the

---

[32]*Id.* (citations omitted).

[33]*Id.* (citations omitted).

[34]*Id.* (citation omitted).

[35]Fed. R. Civ. P. 15(a)(2).

[36]*Id.*

[37]*Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)).

[38]*Bylin*, 568 F.3d at 1229 (citing *United States v. Hougham*, 364 U.S. 310, 316, 81 S. Ct. 13, 5 L.Ed.2d 8 (1960)).

amendment.'"[39]   "However, the expenditure of time, money, and effort alone is not grounds for a finding of prejudice."[40]

Plaintiff's only statement in his briefing regarding his motion for leave to amend his complaint is a single sentence stating "Plaintiff hereby moves this court for leave to file his Amended Complaint erroneously filed on 17 April 2014."[41]  He has not established "good cause" under Rule 16(b)(4) to allow his amendment out of time.  "The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline."[42]  Plaintiff has offered no argument for allowing his amendment out of time.  Nor has he attempted to establish good cause.  His motion for leave to file the Amended Complaint should be denied.

### Defendants' motion to strike

Defendants further request that the Court strike Plaintiff's Second Set of Integrated Discovery, served April 2, 2014, and Plaintiff's Amended Complaint filed April 17, 2014.  For the reasons already stated, the amended Complaint is out of time.  The Court should grant the motion to strike it.

---

[39]*Bylin*, 568 F.3d at 1229 (citing *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir.2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir.1971)).

[40]*Bylin*, 568 F.3d at 1230–31 (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir.1993) (stating that "time, effort and money . . . expended in litigating [a] matter" do not invariably amount to "substantial prejudice"); *Granus v. N. Am. Philips Lighting Corp.*, 821 F.2d 1253, 1256 (6th Cir. 1987) (a plaintiff's showing of prejudice based solely on his expenditure of "much time and money in pretrial discovery . . . [is] no reason for the district court to have denied the [defendant's] amendment" to its answer)).

[41]Doc. 35 at 10.

[42]*Livingston v. Sodexo, Inc. And Affiliated Co.*, No. 11-4162-EFM, 2012 WL 2045292, *1 (D. Kan. June 6, 2012) (citing *Deghand v. Wal–Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

The Court should deny, however, the motion to strike Plaintiff's Second Set of Integrated Discovery.  On April 2, 2014, Plaintiff served his Second Set of Integrated Discovery on Defendant Knight.  It consists of interrogatories, requests for production, and requests for admission.[43]  Defendants ask the Court to strike Plaintiff's Second Set of Integrated Discovery as untimely, because the Revised Scheduling Order provides that all requests for discovery be served in time for responses to be completed by April 30, 2014.[44]  Defendants argue that their deadline for responses would have been beyond that deadline by a few days.  The Court, however, has stayed the discovery deadline.[45]  Accordingly, Defendants should be given an extension of time to respond, i.e. thirty days after the date of an order to respond to the discovery.

### Plaintiff's motion to compel

In response to Defendants' motion for sanctions, Plaintiff contends that Defendants should be sanctioned for, among other things, failing to disclose documents, failing to submit notice of the cancelled deposition and failing to appear at the deposition.  Plaintiff asserts that he is filing a motion to compel Defendants to answer interrogatories and to produce documents "properly requested by plaintiff in earlier responses."[46]  He appears to argue that Defendants have failed to produce the same documents that they are requesting from Plaintiff.  Plaintiff asserts

---

[43]*See* ECF 30–5.

[44]ECF 27, at ¶ 3.c.

[45]ECF 34.

[46]ECF 37 at 1.

that "defendants <u>did not</u> answer plaintiff's discovery, and instead defendants submitted plaintiff's unanswered discovery requests back to plaintiff in defendant's discovery back to plaintiff."[47]

Motions to compel "must be filed and served within 30 days of the default or service of the response, answer or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause."[48]  Motions to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[49]  The "court will not entertain any motion to resolve a discovery dispute . . . unless . . . the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[50]  A "reasonable effort to confer" means "more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[51]

Plaintiff's motion to compel is untimely.  It also fails to include a certification to show a reasonable effort to confer.  Defendant Knight served its responses to Plaintiff's First Set of Integrated Discovery on December 26, 2013 and January 3, 2014.[52]  Plaintiff filed the instant

---

[47]ECF 37 at 2.

[48]D. Kan. Rule 37.1(b); *see also* ECF 7 at ¶ 3.e.

[49]Fed. R. Civ. P. 37(a)(1).

[50]D. Kan. Rule 37.2.

[51]*Id.*

[52]*See* ECF 38–2 and 38–3.

motion to compel on May 27, 2014.[53]  The Court should deny the motion.  Plaintiff has served his Second Set of Integrated Discovery.

## **RECOMMENDATION**

For the foregoing reasons, the magistrate judge recommends that the Court enter an order as follows:  1) order Plaintiff to compensate Defendants in the amount of $500.00 as a sanction for his noncompliance with discovery; 2) order Plaintiff to fully respond to Defendants' Second Interrogatories and Second Request for Production of Documents within fourteen days of the Court's order; 3) order Plaintiff to appear for his deposition at a time and place in Kansas to be determined by Defendants, after conferring with counsel for Plaintiff; 4) deny Plaintiff's motion to compel as untimely; 5) deny the motion of Defendants to strike Plaintiff's Second Set of Integrated Discovery and grant them 30 days after the order within which to respond to the requested discovery; 6) deny Plaintiff's motion for leave to file amended complaint; and 7) admonish Plaintiff that any further failure to adequately respond to discovery or to disobey the orders of the Court could result in additional sanctions against him, including the dismissal of this case.

Respectfully submitted on this 24th day of September, 2014, in Kansas City, Kansas.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[53]ECF 37.