IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

WILLIAM P. ZANDER

        Plaintiff,

   v.

                            Case No. 13-4016-RDR

KNIGHT TRANSPORTATION, INC.,
GLEN PALMER; JASON JONES;
SHAWN BELL; KEVIN PREWITT;
MICHAEL HITCHCOCK; DAVID SHOBE
        Defendants.

**MEMORANDUM AND ORDER**

    Plaintiff has filed a complaint in this case alleging that he worked for a trucking company named Knight Transportation, Inc. ("Knight") until he was terminated sometime in 2011 and that Knight and individual defendants who worked for Knight retaliated and discriminated against plaintiff in violation of 42 U.S.C. § 1981 and Kansas public policy.  Plaintiff further alleges that Knight violated plaintiff's rights under ERISA and makes claims regarding failures to investigate various complaints.

    This case is now before the court upon a report and recommendation ("R&R") from a United States Magistrate Judge. Doc. No. 44.  The R&R makes recommendations regarding the disposition of four motions:  defendants' motion for sanctions and motion to strike or, alternatively a motion to compel (Doc. No. 30); plaintiff's motion for leave to amend the complaint (Doc. No. 35); plaintiff's motion to compel (Doc. No. 37); and

plaintiff's motion for sanctions (Doc. No. 36).[1]  Plaintiff has asked to amend or correct his response to the R&R (Doc. No. 49) by deleting part D of the response.  There has been no response to that motion.  Therefore, the court shall grant Doc. No. 49.

I.  THE R&R

There are seven enumerated parts to the recommendation made by the Magistrate Judge:  1) that plaintiff compensate defendants in the amount of $500.00 as a sanction for his noncompliance with discovery; 2) that plaintiff fully respond to defendants' second interrogatories and second request for production of documents within fourteen days of the court's order; 3) that plaintiff appear for his deposition at a time and place in Kansas to be determined by defendants, after conferring with counsel for plaintiff; 4) that plaintiff's motion to compel be denied as untimely; 5) that defendants' motion to strike plaintiff's second set of integrated discovery be denied and that defendants be granted 30 days within which to respond; 6) that plaintiff's motion for leave to file an amended complaint be denied; and 7) that plaintiff be admonished that any further failure to adequately respond to discovery or to disobey the

---

[1] Plaintiff has filed redundant responses to defendants' motion for sanctions, to strike or to compel.  In Doc. No. 35, plaintiff responded to defendants' motion, asked for an order compelling production of documents and discovery, asked for sanctions against defendants, and made a one-sentence request for leave to file the amended complaint "erroneously filed on 17 April 2014."  In Doc. No. 36, plaintiff responded to defendant's motion for sanctions and asked for sanctions against defendants.  In Doc. No. 37, plaintiff responded to defendants' motion to compel and advanced plaintiff's motion to compel. Plaintiff made a copy of Doc. No. 36 part of Doc. No. 37.

orders of the court could result in additional sanctions against him, including the dismissal of this case.  It also appears that the Magistrate Judge recommended the denial of plaintiff's motion for sanctions.  See Doc. No. 44, pp. 11-13.

II.  PLAINTIFF'S OBJECTIONS TO THE R&R

Plaintiff has filed objections to the R&R.  Plaintiff objects to the $500 sanction for noncompliance with discovery. Plaintiff also objects to the recommendation that plaintiff's motion for leave to file an amended complaint be denied, as well as to the proposed denial of plaintiff's motion to compel answers to discovery and of plaintiff's motion for sanctions.

III. THE COURT SHALL ADOPT THE PROPOSED SANCTIONS AGAINST PLAINTIFF.

Since the actions recommended by the Magistrate Judge do not involve a dispositive sanction, the court shall consider whether the objections to the R&R demonstrate that the sanction recommended is clearly erroneous or contrary to law. FED.R.CIV.P. 72(a); see Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1519 (10th Cir. 1995)(penalty to be imposed controls scope of review).

The Magistrate Judge found that plaintiff was ordered on March 18, 2014 to respond "forthwith" to defendants' second interrogatories and request for documents.  Plaintiff did not do so, in spite of being reminded by defendants' counsel in writing

and over the phone that the responses were necessary for defense counsel to prepare for plaintiff's deposition. One of defendants' interrogatories asked plaintiff to identify other employees of defendant Knight who plaintiff asserted were discriminated against by Knight. The court understands why such information would assist counsel in preparing to take plaintiff's deposition.

Plaintiff's deposition was to be taken the week of April 14, 2014. Plaintiff, who is an over-the-road trucker, drove from California to Kansas City without notice to defense counsel on April 16, 2014 and asked defense counsel to do his deposition the following day, April 17, 2014. Defense counsel declined because, in addition to not having plaintiff's answers to discovery, defense counsel was already scheduled that day. It was agreed to do the deposition on April 25, 2014 if plaintiff supplied the discovery answers some days ahead of time. Plaintiff did not provide the discovery answers. So, instead of doing the deposition, on April 24, 2014 defense counsel cancelled the deposition and filed a motion for sanctions. Plaintiff received oral notice of the deposition's cancellation.

The Magistrate Judge determined that defendants were caused additional attorney's fees by plaintiff's failure to meet discovery deadlines and plaintiff's interference with the

judicial process.   Therefore, a sanction in the amount of $500 was recommended.

Plaintiff's objection to the R&R admits that plaintiff failed to timely respond to defendants' discovery requests. Plaintiff argues, in essence, that defendants should not have cancelled the deposition date, even though plaintiff did not timely respond to the discovery requests, because it was a large inconvenience for plaintiff to come to Kansas City twice for his deposition and defense counsel did not timely and adequately inform plaintiff that the depositions would be cancelled. Plaintiff asserts that the inconvenience he was caused by fruitlessly travelling a long distance to attend his deposition is a sufficient sanction.

The court denies this objection for the following reasons. First, the inconvenience suffered by plaintiff does not serve to compensate defendants for the attorney's fees caused by plaintiff's delay in responding to discovery as ordered by the court.   Second, plaintiff's inconvenience was caused by plaintiff's conduct, not defendants' conduct.   Plaintiff appeared in Kansas City on April 16, 2014 on his own, without arranging for a deposition date in advance with defense counsel. Defense counsel should not be faulted for not changing his schedule at the last minute for the following day, especially when plaintiff had failed to follow court orders.   In addition,

it appears that if plaintiff had made timely responses to defendants' interrogatories, plaintiff's deposition on April 25, 2014 would not have been cancelled and plaintiff would not have been so inconvenienced.  Finally, the option of conducting the deposition and then reconvening the deposition at a later date to cover matters which were disclosed, if and when plaintiff made responses to discovery, would cause inconvenience to both sides of this lawsuit.

For these reasons, the sanction recommended by the Magistrate Judge is not clearly erroneous or contrary to law.

IV.  THE COURT SHALL ADOPT THE RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT.

Plaintiff, acting pro se, filed an amended complaint on April 17, 2014, long after the August 1, 2013 deadline set for filing a motion for leave to amend the pleadings.  The Magistrate Judge found that plaintiff did not show good cause for permitting an amendment after the deadline.  Plaintiff's objection does not directly address the failure to show cause for seeking to amend the complaint more than eight months after the deadline.[2]  Plaintiff argues that the amendment is justified because the law requires defendant Knight to provide ERISA plan documents when requested by plaintiff and that Knight has failed

---

[2] During this eight-month period, plaintiff was represented by counsel into December 2013.  He proceeded pro se thereafter until counsel for plaintiff reentered the case on July 25, 2014.  Counsel has recently filed a motion to withdraw again from plaintiff's representation.  Doc. No. 50.  This motion was denied without prejudice on November 12, 2014.  Doc. No. 51.

to do so.   This argument does not justify plaintiff's delay in seeking to amend the complaint, especially when plaintiff asserts that he asked for ERISA plan documents when he initially filed this lawsuit in February 2013.

Whether the court applies a de novo standard or a clearly erroneous standard to the recommendation to deny the motion to amend, the court finds that the recommendation should be followed.

V.   THE COURT SHALL ADOPT THE RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO COMPEL AND PLAINTIFF'S MOTION FOR SANCTIONS.

The Magistrate Judge recommended that plaintiff's motion to compel (Doc. No. 37) and motion for sanctions (Doc. No. 36) be denied because they were untimely and failed to include a certification to show a reasonable effort to confer. Plaintiff's objections to the R&R assert that the motion to compel should be granted because defendants made improper responses to plaintiff's discovery requests.   This response does not address the finding that the motion to compel is untimely and failed to include the necessary certification of efforts to confer.   Plaintiff's objections to the R&R also contend that defendants should incur sanctions for defense counsel's failing to appear for plaintiff's deposition.   Again, this objection does not answer the failure of plaintiff to follow the requirement of certifying compliance with the duty to confer.

7

Therefore, the court shall reject plaintiff's objections to the proposed disposition of the motion to compel and plaintiff's motion for sanctions. Plaintiff has not demonstrated that the recommendations are clearly erroneous or contrary to law.

VI. PLAINTIFF'S REMAINING OBJECTIONS SHALL BE DENIED BECAUSE THEY DO NOT RELATE TO THE R&R.

Plaintiff has objected that he should be allowed to serve written deposition questions upon defense counsel. This objection, however, does not relate to the recommendations made in the R&R. Therefore, the court shall deny this objection without prejudice to plaintiff raising the request before the Magistrate Judge.

VII. WAIVER OF OBJECTIONS

Those items of the R&R to which no objection has been made shall be adopted by the court. See U.S v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996)(a party must make specific objections to an R&R to preserve an issue for review by the district court or for appellate review).

VIII. CONCLUSION

In conclusion, the court shall adopt the R&R of the Magistrate Judge and direct as follows: 1) that plaintiff compensate defendants in the amount of $500.00 as a sanction for his noncompliance with discovery; 2) that plaintiff fully respond to defendants' second interrogatories and second request

for production of documents within fourteen days of the court's order; 3) that plaintiff appear for his deposition at a time and place in Kansas to be determined by defendants, after conferring with counsel for plaintiff, if plaintiff continues to have counsel; 4) that plaintiff's motion to compel and motion for sanctions be denied as untimely and for failing to certify compliance with the duty to confer; 5) that defendants' motion to strike plaintiff's second set of integrated discovery be denied and that defendants be granted 30 days within which to respond; 6) that plaintiff's motion for leave to file an amended complaint be denied; and 7) that plaintiff be admonished that any further failure to adequately respond to discovery or further disobedience of the orders of the court could result in additional sanctions against him, including the dismissal of this case.

Consistent with these rulings, defendants' motion for sanctions and other relief (Doc. No. 30) shall be granted in part and denied in part; plaintiff's amended complaint (Doc. No. 29) shall be stricken and plaintiff's motion to amend the complaint (Doc. No. 35) shall be denied; plaintiff's motion to compel and motion for sanctions (Doc. Nos. 37 and 36) shall be denied; and plaintiff's motion to amend/correct (Doc. No. 49) shall be granted.

**IT IS SO ORDERED.**

Dated this 14th day of November, 2014, at Topeka, Kansas.


s/RICHARD D. ROGERS
Richard D. Rogers
United States District Judge