IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM P. ZANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-4016-RDR-GLR |
| ) | |
| KNIGHT TRANSPORTATION, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel (ECF 66), Plaintiff's Motion to Compel Discovery (ECF 69) and Plaintiff's Notice of Protection and Request to Produce to Defendant Knight Transportation (ECF 70). The matters are fully briefed and the Court is prepared to rule. For the reasons set forth below, the motions are denied.

**I.      Plaintiff's Motion to Compel (ECF 66)**

Construing the motion liberally, it appears as though Plaintiff is asking the Court to compel Defendant Knight Transportation's counsel to produce recordings of voicemail messages left by Plaintiff, recordings of phone conversations between Plaintiff and defense counsel, and "phone records of cancelation of deposition 4/25/14."

The Court finds that the motion is deficient for failure to comply with Fed. R. Civ. P. 37(a)(1) and D. Kan. Rules 37.1(a) and 37.2. Fed. R. Civ. P. 37(a)(1) provides that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to

obtain it without court action." Although pro se filings are to be construed liberally, "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." *Samadi v. Bank of America, N.A.*, 476 Fed. App'x 819, 821 (11th Cir. 2012) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Thus, a district court is not required to grant a pro se plaintiff's motion to compel when he fails to certify that he conferred in good faith with opposing counsel as required by Fed. R. Civ. P. 37(a)(1). *Id.*; *see also Ogle v. Columbia Gas Transmission., LLC*, No. 2:10-cv-1059, 2014 WL 3895500, *4 (S.D. Ohio Aug. 8, 2014) (noting that the court has denied pro se motions for failure to comply with Fed. R. Civ. P. 37(a)(1)); *McKinzy v. BNSF Ry. R.R.*, No. 08–2365–CM, 2009 WL 4891893, *1 (D. Kan. Dec. 10, 2009).

D. Kan. Rule 37.1 provides that a motion relating to discovery must be accompanied by copies of the notices of depositions, or the portions of the interrogatories, requests, or responses in dispute. The motion does not attach a discovery request or response as required by D. Kan. Rule 37.1. Rather, the motion seeks to compel production based on a "duty to preserve" and attaches a "Legal Hold and Spoilation Letter" drafted by Plaintiff. (ECF 67 at 7). On one hand, the motion suggests that Defendant failed to preserve or even destroyed the recordings. Other parts of the motion suggest that the discs were previously turned over to Plaintiff's counsel but not given to Plaintiff or that the discs "failed to play."

The Court held a phone status conference on January 20, 2015. Plaintiff appeared *pro se* and Defendants appeared through counsel, James C. Sullivan. During the phone conference, defense counsel indicated that he had previously given the recordings to Plaintiff's prior counsel, but agreed to provide them again to Plaintiff. The Court asked counsel to file a notice of service

with the Court when this additional production was served on Plaintiff. On January 23, 2015, Defendant Knight Transportation filed a Certificate of Service of Defendant Knight Transportation, Inc. (ECF 68). Defendant certifies that on January 22, 2015, transcripts of the phone conversations in issue and CDs containing the conversations and phone messages, were sent via U.S. Priority Mail to Plaintiff. Plaintiff filed his motion to compel on January 23, 2015, three days after the phone status conference and without satisfying the duty to meet and confer prior to filing. If Plaintiff had conferred with counsel prior to filing his motion, he would have been made aware that the items were sent to Plaintiff the previous day. The Court finds that the motion must be denied for lack of merit and for failure to comply with Fed. R. Civ. P. 37(a)(1) and D. Kan. Rules 37.1(a) and 37.2.

## II.  Plaintiff's Motion to Compel Responses to Plaintiff's Second Set of Integrated Discovery to Defendant Knight Transportation (ECF 69)

Plaintiff's second motion to compel also fails to include a certification to show a reasonable effort to confer. As previously noted, motions to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[1] The "court will not entertain any motion to resolve a discovery dispute . . . unless . . . the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[2] A "reasonable effort to confer" means "more than

---

[1] Fed. R. Civ. P. 37(a)(1).

[2] D. Kan. Rule 37.2.

mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so."[3]

Defendants have responded to the motion, setting forth a table showing that Plaintiff's second set of discovery is identical to Plaintiff's first set of discovery, with a few insignificant differences (ECF 73–6).  Many of the requests in Plaintiff's second set of discovery repeat the request from the first set of discovery, then add a sentence indicating that Plaintiff did not receive the documents allegedly produced by Defendants in response to the first set of discovery. Defendants Response (ECF 73) shows that Defendants have re-produced many items that were previously produced.  Given the various motions claiming that Plaintiff has not received documents produced by Defendants, it is understandable that Defendants felt it necessary to request that Plaintiff confirm that he has the produced documents so that Defendants could proceed with Plaintiff's deposition.  Plaintiff has refused to comply with this request, therefore his deposition still has not been scheduled.

The Court denies the second motion to compel for failure to comply with Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.  Plaintiff not only failed to fulfill his obligation to meet and confer, he has failed to cooperate with Defendants' request for him to confirm that he has the documents that have been produced by Defendants.

### III.    Plaintiff's Notice of Protection and Request to Produce (ECF 70)

The third motion filed by Plaintiff is a single page with a single paragraph entitled "Statement of Facts."  It attaches Plaintiff's responses to Defendants' second set of interrogatories to Plaintiff, as well as correspondence and documents relating to Plaintiff's

---

[3]*Id.*

deposition previously scheduled for May 29, 2012.  Plaintiff again mentions compelling Defendants to turn over phone records relating to the cancellation of his previously scheduled deposition.  The motion acknowledges that Defendants sent Plaintiff a list of discovery they had produced, asking Plaintiff to review the list.  The motion is largely uncomprehensible and the Court cannot ascertain what relief it seeks, if any.  If it is to compel some production from Defendants, the motion again fails to certify that Plaintiff has met his meet-and-confer obligations, fails to attach to the motion whatever discovery requests or responses are at issue, and fails to provide a supporting brief or memorandum, as required by D. Kan. Rule 7.6(a).  The Court denies the Notice and Request, as it specifies nothing for the Court to provide.

## IV.     Conclusion

The Court denies Plaintiff's motions for the reasons set forth above.  Defendants' Response (ECF 74) as well as this Court's and the District Court's previous orders (ECF 44, 52) show the lack of cooperation from Plaintiff and Plaintiff's repeated failures to abide by the Court's orders and rules.   Plaintiff has frustrated and failed to cooperate with the discovery process and has obstructed Defendants' ability to schedule and take his deposition.  Plaintiff was made aware of the Court's meet and confer rule in this Court's previous Report and Recommendation.  (ECf 44 at 12–13).  Plaintiff failed to work with Defendants by responding to their request for him to confirm his receipt of the produced documents, some of which Defendants have produced multiple times.

This Court's Report and Recommendation (ECF 44), as well as the District Court's Memorandum and Order adopting the Report and Recommendation (ECF 52), admonished Plaintiff that any further failure to adequately respond to discovery or further disobedience of the

orders of the Court could result in additional sanctions against him, including the dismissal of his case. (ECF 52 at 9). The Court hereby repeats that admonition and warns Plaintiff that dismissal of this case could very readily occur as a sanction for any further noncompliance or failure on his part.

Defendants are seeking reasonable expenses incurred in opposing Plaintiff's motions pursuant to Fed. R. Civ. P. 37(a)(5)(b). Rule 37(a)(5)(B) provides that:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

The Court will give Plaintiff **fourteen days** from the date of this Order to show cause why this Court should not award Defendants their reasonable expenses, including attorney's fees, in opposing the three motions denied by this Memorandum and Order.

IT IS SO ORDERED.

Dated this 15th day of May, 2015, in Kansas City, Kansas.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge