IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM P. ZANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 5:13-cv-04016-KHV-GLR |
| | ) |
| v. | ) |
| | ) |
| KNIGHT TRANSPORTATION, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On May 15, 2015, the Court entered a Memorandum and Order (ECF 82). It denied three motions: Plaintiff's Motion to Compel (ECF 66); Plaintiff's Motion to Compel Discovery (ECF 69); and Plaintiff's Notice of Protection and Request to Produce to Defendant Knight Transportation (ECF 70). The Memorandum and Order also contained the following conclusion and admonitions to Plaintiff, who proceeds *pro se*:

> The Court denies Plaintiff's motions for the reasons set forth above. Defendants' Response (ECF 74) as well as this Court's and the District Court's previous orders (ECF 44.52) show the lack of cooperation from Plaintiff and Plaintiff's repeated failures to abide by the Court's orders and rules. Plaintiff has frustrated and failed to cooperate with the discovery process and has obstructed Defendants' ability to schedule and take his deposition. Plaintiff was made aware of the Court's meet and confer rule in this Courts' previous Report and Recommendation. (ECF 44 at 12-13). Plaintiff failed to work with Defendants by responding to their request for him to confirm his receipt of the produced documents, some of which Defendants have produced multiple times.
>
> This Court's Report and Recommendation (ECF 44), as well as the District Court's Memorandum and Order adopting the Report and Recommendation (ECF 52), admonished Plaintiff that any further failure to adequately respond to discovery or further disobedience of the orders of the Court could result in

1

>additional sanctions against him, including the dismissal of his case. (ECF 52 at
>9). The Court hereby repeats that admonition and warns Plaintiff that dismissal
>of this case could very readily occur as a sanction for any further noncompliance
>or failure on his part. (ECF 82 at 5, 6.)

The Memorandum and Order then addressed the request of Defendants for an award of reasonable expenses, including attorney's fees, in opposing the motions. It gave Plaintiff fourteen days to show cause why the Court should not make such an award to Defendants.

Plaintiff has made no such showing. Instead he has filed two more motions, which the Court now addresses: Motion for Sanction (ECF 84); Plaintiffs Motion and Request For protection on deposition and compel motion (ECF 85). Opposing both motions, Defendants filed a Motion for Sanctions (ECF 91), asking for dismissal of this case, which has been referred to the undersigned Magistrate Judge for Report and Recommendation.

In his Motion for Sanction (ECF 84) Plaintiff invokes Fed. R. Civ. P. 37(c)(1) "failure to disclose":

>Plaintiff moves the court to sanction defendants based on the following facts failure to disclose and Admit to Alterd or destroyed QUALCOMM MESSAGES AND OHSA INVESTIGATION AUDIT DOCUMENTS.

(ECF 84 at 1.) The motion then states that in November 2013 Plaintiff turned over 22 altered documents to Defendants. They purported to show a scam and attempt to "deceive the OSHA investigators into believing that plaintiff Was driving a commercial vehicle past his termination date." (Id.) The motion further alleges that Defendants knowingly altered and deleted text from the "QUALCOMM messages to deceive a three federal Judge's and OSHA auditor s an the IRS." *Id* at 3. It asks the Court to "sanction Defendants based on There history of spoliation and that would require them to admit there spoilation." *Id* at 5.

Defendants urge the Court to deny the motion. They point out that again Plaintiff has failed to confer with them, as D. Kan. Rule 37.1 requires, before filing the motion. The motion

2

also attaches no request for production or request for admission, as required by D Kan. Rules 37.1(a).  The response further notes that, ". . . it is impossible to determine what relief Plaintiff actually seeks, other than the production of documents that have already been produced."

The Court denies the Motion for Sanction (ECF 84), primarily for the reasons stated by Defendants.  First, the motion includes nothing to indicate any efforts by Plaintiff to confer with defense counsel, although they have previously communicated on other discovery matters.  Secondly, the motion neither attaches nor refers to any request for production or for admission, as D. Kan. Rules require.  Thirdly, the motion appears to refer to documents that defendants had previously delivered to Plaintiff or his prior counsel.

Plaintiffs Motion and Request For protection on deposition and compel motion (ECF 85) also seeks production of "22 altered documents that defendants have in there possession Effecting the INTERROGATORIES THAT HE WAS SANCTIONED FOR AND TO released email to the court lifting The incarceration hold that will not allow plaintiff on there property with out be incarcerated." *Id* at 1.  The motion then states and describes a number of requests for production, interrogatories, and requests for admissions, apparently served upon Defendant, and its responses to them: Requests for Production 1 through 12, Interrogatories 2 through 6 Requests for Admission 1through 6.  Like the prior motion (ECF 84), this one also lacks any certification that Plaintiff has conferred with opposing counsel, as required by Fed. R. Civ. P. 37(a)(1) and corresponding District of Kansas rules.  It also lacks any showing of a declined request to produce 22 documents, allegedly "altered."  And the Court fails to find any coherent argument to support the motion.  For all of these reasons the Court denies it.

To summarize, the Court denies both the Motion for Sanctions (ECF 84) and Plaintiffs Motion and Request For protection on deposition and compel motion (ECF 85).  Plaintiff has

3

failed to show any prior efforts to confer with defense counsel before filing the motions. In substance, furthermore, neither motion asserts any justification for what it requests. The Court again reminds Plaintiff that his continued failures to follow the rules increase the likelihood of sanctions, including dismissal of this case, in addition to those the Court has already imposed upon him for his prior misconduct.

    Dated this 3rd day of September, 2015.

<u>s/Gerald L. Rushfelt</u>
Gerald L. Rushfelt
U.S. Magistrate Judge
