IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WILLIAM P. ZANDER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 13-04016-KHV-GLR** |
| | ) | |
| KNIGHT TRANSPORTATION, | ) | |
| INC., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

This action comes before the undersigned magistrate judge upon referral of a Motion for Sanctions by Defendant Knight Transportation, Inc. (ECF 91).   Defendant Knight Transportation, Inc. ("Knight") and the individually named defendants, who are all employees of Knight (collectively, "Defendants"), ask the Court to enter an order of dismissal and to award reasonable attorney's fees as sanctions against Plaintiff William P. Zander for his repeated and consistent non-compliance with the discovery process and Court orders (ECF 92 at 1).

Defendants state that Plaintiff failed to appear for his properly noticed deposition on May 27, 2015 and has consistently failed to comply with various Court orders.  *Id.*  This motion was filed June 15, 2015.  Under D. Kan. Rules 6.1(d)(1), Plaintiff had fourteen (14) days to respond to the motion, making the deadline for his response June 29, 2015.  On September 30, 2015, he filed a response (ECF 98), more than two months after the deadline.[1]

## I.    Facts

This case has involved numerous scheduling issues and delays.  The Scheduling Order set a discovery deadline of November 22, 2013.  (ECF 7.)  Upon joint motion of the parties, the Court extended it to December 23, 2013. (ECF 16.)  On December 10, 2013, although still represented by attorney Dennis Hawver, Plaintiff Zander left defense counsel James Sullivan a voicemail.   It contained the following: (1) claimed that defense counsel had intentionally destroyed evidence; (2) warned that Mr. Zander would report this to the Federal Bureau of Investigation; (3) threatened Mr. Sullivan with revocation of his law license; (4) stated that, while Zander "may not get a penny" from this case, "someone [apparently Defendants or defense counsel] is going to prison;" and (5) instructed that Zander would not appear for his deposition and that he would not be deposed, unless the case were mediated or defense counsel apologized to him.[2]   Plaintiff said that, if his demands were met, he might be able to "help [defense counsel]."  Plaintiff made similar comments in writing.  (*See* ECF 92-1.)

The magistrate judge deferred the final pretrial conference and instead conducted a telephone status conference on December 19, 2013.   Plaintiff Zander, his attorney Dennis Hawver, and defense counsel all appeared.  Because of the threats that Plaintiff had made to

---

[1] Mr. Zander's response, which includes an attached copy of the United States Supreme Court opinions in *Yates v. United States*, 574 U. S. ____ (2015), does not address the substance of Defendants' motion and is substantially incoherent.

[2] Mr. Sullivan electronically transmitted it to the Court with a request for guidance.

defense counsel, a deputy U. S. Marshal also attended the telephone conference, at the request of the undersigned magistrate judge.  The Court granted, without objection, Mr. Hawver's motion to withdraw as Plaintiff's attorney.  Plaintiff then proceeded *pro se*.  Addressing the need for completing discovery and pretrial procedures, the Court informed Plaintiff that he, as well as Defendants, would be required to comply with the Federal Rules of Civil Procedure.

Plaintiff stated his intent to retain another attorney.  The Court instructed him to have his counsel enter appearance by January 27, 2014.  (ECF 18.)  At the February 27, 2014 status conference, the Court granted Mr. Zander's unopposed oral motion to continue the conference for fifteen (15) days, to allow him more time to retain new counsel.  (ECF 25.)  The Court also granted his unopposed oral motion for an additional fifteen (15) days within which to respond to the Second Interrogatories to Plaintiff and Second Request for Documents to Plaintiff by Defendant Knight Transportation, Inc.  The Court continued the phone status conference to March 18, 2014.  (*Id.*)

During that phone conference, Plaintiff stated his intention not to retain counsel and to proceed *pro se*.  In the Revised Scheduling Order (ECF 27), the Court ordered Plaintiff to (1) respond "forthwith" to Defendants' Second Interrogatories and Second Request for Production of Documents; (2) file a Notice of Service, confirming his compliance with the Order, and (3) "submit himself for deposition by Defendants during the week of April 14, 2014, at a specific date and time to which all parties agree, and at a place designated by Defendants or at such other place to which the parties might agree."  (*Id.*)  Again, during this status conference, the Court explained to the parties that they were to comply with the Federal Rules of Civil Procedure.  (*Id.*)

The record reflects that on April 3, 2014, defense counsel sent to Plaintiff a letter, again reminding him of his obligation to respond to Defendants' Second Interrogatories and Second

Request for Production of Documents,  as the Court had ordered.  (ECF 92-2.)  It also asked him

to provide a date that he would be available for his deposition during the week of April 14, 2014.

(*Id.*)  Plaintiff did not respond to that letter.

In response, Plaintiff apparently telephoned defense counsel on April 16, 2014 to say that

he was available for his deposition the following day.  (ECF 92 at ¶ 7.)  Defense counsel had

already made arrangements to be out of town on another matter on April 17 and 18, however,

and so advised Mr. Zander.  He further reminded Plaintiff that his deposition could not take place

on April 16, because he had still failed to respond to Defendants' Second Interrogatories and

Second Request for Production of Documents.  (*Id.*)  According to Defendants, Zander does not

dispute that he agreed to have the responses to the written discovery delivered by Monday, April

21, 2014, with the parties agreeing to set his deposition for Friday, April 25, 2014 (ECF 92-3 ¶¶

5-10).  Two days before Plaintiff was scheduled to be deposed, however, Defendants had yet not

received his responses to the written discovery.   Defense counsel telephoned Plaintiff the

morning of April 23, and stated that, if Defendants did not receive the discovery responses by

noon that day, Defendants would file a motion for sanctions.  (ECF 92, ¶ 8.)  Plaintiff then faxed

his responses, almost all of which were either: (1) accusations that defense counsel had the

documents they were asking for; (2) accusations that defense counsel spoiled the documents; or

(3) "objections" followed by vague and indiscernible threats against Defendants and defense

counsel and which are otherwise unrelated to the discovery issues at hand.  (ECF 92-4.) Plaintiff

produced no documents.

Defendants did not have the information they had requested from Plaintiff, in order to

prepare for his deposition.  Accordingly, they cancelled the deposition previously set for April

25, 2014. (ECF 92-3, ¶¶ 10-14.)   While Plaintiff received oral notice of the cancellation, he

claimed that notice was not "official" and appeared for the deposition anyway, ostensibly because he feared being deceived by defense counsel.  (ECF 45 at 5-6.)

On September 24, 2014, the undersigned magistrate judge issued a Report and Recommendation regarding Defendants' motion for sanctions.  (ECF 44.)  It warned Plaintiff "that dismissal of the action will be a likely sanction for any future noncompliance."  (*Id*. at 7.)  The Court recommended that: (1) Plaintiff be ordered to respond to Defendants' Second Interrogatories and Second Request for Documents within fourteen days; (2) Plaintiff be sanctioned in the amount of $500.00 for his non-compliance with discovery; and (3) Plaintiff be admonished that any further failure to adequately respond to discovery or otherwise disobey the orders of the Court could result in additional sanctions, including dismissal of the this case.  (*Id*. at 13.)  On November 14, 2014, the District Court adopted the Report and Recommendation in its entirety.  (ECF 52.)

On January 20, 2015, the undersigned magistrate judge ordered Plaintiff to appear for his deposition in February, 2015, at a date and time to be determined by counsel for defendants. The Order also extended discovery through June 15, 2015.  (ECF 65.)  The undersigned judge also noted that Plaintiff had "frustrated and failed to cooperate with the discovery process and . . . obstructed Defendants' ability to schedule and take his deposition."  (ECF 82 at 5.)  The Court repeated its warning to Plaintiff "that dismissal of this case could very readily occur as a sanction for any further noncompliance or failure on his part."  (*Id*. at 6.)

Defendants again attempted to schedule the deposition of Plaintiff, this time in February 2015.  In an email dated January 27, 2015, Plaintiff notified defense counsel that he would be available for his deposition on February 6, 2015.  (ECF 92-5 at 4.)  Plaintiff filed various discovery motions (ECF 66, 69, 70), alleging that documents were not produced.  Defense

counsel provided Plaintiff an index of documents produced to him and requested that Plaintiff confirm that he had received them. (ECF 92-5 at 2–4.) Defendants submitted evidence that suggests Plaintiff refused to confirm that he had received the documents they had produced. Consequently, they did not proceed with the proposed deposition date and no notice of deposition was filed. (ECF 92-5, at 1–2; ECF 92-6.) Plaintiff does not dispute these events.

Defendants sent an email to Plaintiff on May 7, 2015, requesting dates for his deposition. (ECF 92-7.) By May 15 Plaintiff had not responded. Counsel sent a follow-up email to Plaintiff. (ECF 92-8.) Having received no response from Plaintiff, Defendants filed a Notice of Deposition on May 15, scheduling his deposition for May 27, 2015. (ECF 83.) Apparently Plaintiff never corresponded with Defense counsel about the deposition. (ECF 92 at ¶ 19.) On May 26, 2015—the day before the scheduled deposition—Plaintiff filed a "Motion and Request for Protection on Deposition and Compel Motion." (ECF 85.) Defense counsel found the motion largely incomprehensible, and notified Plaintiff that, to the extent the motion sought a protective order against his deposition, it did not stay the deposition, because it had not been filed forty-eight hours before the scheduled deposition, as required by D. Kan. Rule 26.2(b). (ECF 92-9.)

Defense counsel appeared for the duly-noticed deposition of Plaintiff on May 27, 2015. Plaintiff failed to appear. (ECF 92-10.) Defendants have asserted that his failure to comply with the Federal Rules of Civil Procedure and the orders of the Court has caused them to incur expenses both in time and attorneys' fees in an unspecified amount. (ECF 92 at ¶ 23.)

## II.     Discussion

Plaintiff has proceeded as a *pro se* plaintiff after the Court granted his counsel's Motion to Withdraw (ECF 59) on December 11, 2014. He had the right to proceed, of course, without

counsel.  Statute 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

His status as a *pro se* party requires that the allegations and pleadings of Plaintiff be held to less stringent standards than they otherwise would be, if drafted by counsel, *Haines v. Kerner,* 404 U.S. 519, 520 (1972).  For instance, errors potentially arising in the documents filed without the proper assistance of an attorney such as "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements" will be taken into account when evaluating the pleadings since they are construed liberally.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Although the rules are liberal for the construction of pleadings of pro se parties, the Tenth Circuit has also "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."  *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).  The Tenth Circuit has given District Courts latitude in using dismissal as a sanction, pursuant to Rule 37, and will only overturn such a sanction if the District Court abused its discretion under the totality of the circumstances. *Schroeder v. Southwest Airlines,* 129 Fed. App'x. 481 (10th Cir. 2005).

The Court has explicitly explained in the previous Report and Recommendation (ECF 44) and the Order of the District Judge (ECF 52) the duty of Plaintiff to comply with the Federal Rules of Civil Procedure and the consequences for his failing to do so.  Fed. R. Civ. P. 16(f)(1)(c) states that "the court may issue any just orders…if a party or its attorney…fails to obey a scheduling order or other pretrial order."  Fed. R. Civ. P. 37(b)(2)(A, moreover, provides that if a party "fails to obey an order to provide or permit discovery" the Court may issue

7

sanctions such as dismissing the action or issuing a default judgment against the disobedient party (*See* Fed. R. Civ. P. 37(b)(2)(A)(v, vi)).

Sanctions appropriately result from the failure of a party to comply with the orders of the Court. Federal Rules of Civil Procedure have specific provisions for sanctions when a party fails to appear for his properly-noticed deposition. (*See* Fed. R. Civ. P. 37(d)(1)(A)), or impeded, delayed or frustrated (*See* Fed. R. Civ. P. 30(d)(2)).

The Court twice reminded Plaintiff of the possible dismissal of this case, because of his failure to comply with applicable rules and the previous Report and Recommendation. The Court adopted that Report and Recommendation. The Court has accorded Plaintiff leeway as a pro se litigant. It recognizes that our Tenth Circuit has repeatedly articulated the strong preference our legal system has for deciding cases on their merits. *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). Dismissals should be avoided, absent culpability on the part of the sanctioned party. Noting "the harshness of dismissal" the Tenth Circuit has noted that this sanction "requires that the discovery violation be predicated upon 'willfulness, bad faith, or [some] fault of petitioner' rather than inability to comply." *Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640 (1976)). The undersigned Magistrate Judge believes that the conduct of Plaintiff consists of failures and refusals that indeed show a willfulness, bad faith, or fault on the part of the Plaintiff, and not merely an inability to comply with the rules, orders, and previous orders of the Court.

### A.      Dismissal as a Sanction

The Tenth Circuit Court of Appeals has directed that, "before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: '(1) the degree of

actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.'" 965 F.2d at 921.  The Tenth Circuit further advises that dismissal is appropriate only in cases where the aggravating factors outweigh the judicial system's strong interest in meritoriously resolving cases. *Id.* These factors do not constitute a rigid test; rather, they are criteria for consideration before dismissal is imposed as a sanction by the district court. *Id.* Because the Court is bound to follow precedent set by the Tenth Circuit, these factors will be evaluated to determine if dismissal is appropriate.

### 1.  Actual Prejudice to Defendant

Defendants assert that they have been prejudiced by the conduct of Plaintiff in this case. Their supporting memorandum (ECF 92) cites Plaintiff's failure to appear for his deposition and his disobedience to the order of January 20, 2015 (ECF 63) to cooperate with Defendants in scheduling it (ECF 92, p. 9). Defendants also contend that Plaintiff was wholly uncooperative with them by refusing to acknowledge that he had received documents they had produced (*Id.* at 10) and failed to appear at his duly noticed deposition on May 27, 2015 (ECF 92-10). Defendants also requested and the Court ordered him several times to produce requested documents.  He has failed to do so and instead has provided only incomprehensible or illegible responses, sometimes accompanied by threats to Defense counsel.

The Tenth Circuit has stated that "discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered." *Lee v. Max Intern., LLC,* 638 F.3d 1318, 1322 (10th Cir. 2011). The record here indicates that such a shell game appropriately describes the conduct

of Plaintiff in refusing to produce documents, in appearing at Defense counsel's office for an unscheduled deposition, in failing to produce any documents necessary to the examination, and in refusing or otherwise failing to appear for his scheduled and duly-noticed deposition. As a result of this behavior, Defendants have lost time and incurred attorneys' fees. When these resources have been squandered as a result of a party's failure to cooperate in discovery and meet its deadlines, actual prejudice attaches. *See generally Llamas v. City of Topeka, Kansas* 2005 WL 767848, at *4 (D. Kan., March 8, 2005).

The Court has been patient with Plaintiff's repeated failures to comply with the discovery process. Non-cooperation in the discovery process has been grounds to dismiss an action pursuant to Fed. R. Civ. P. 37. *Witherspoon v. Roadway Exp., Inc.,* 142 F.R.D. 492, 493 (D. Kan. 1992). Plaintiff's conduct violates this standard. He has violated the previous orders of the Court, has failed twice to appear for his deposition, has submitted illegible and incomprehensible responses to interrogatories, has failed to produce requested documents, and has filed frivolous motions. Defendants have incurred attorneys' fees as a result of his misconduct against their discovery efforts. This District has cited such a scenario as an exacerbating factor as grounds for actual prejudice warranting dismissal. *Id.*

### 2. *Amount of Interference with Judicial Process*

In determining whether or not the Plaintiff's conduct has thwarted the judicial process, the undue delay caused by a failure to cooperate with the discovery process as well as ignoring court orders have been cited as reasons supporting a sanction of dismissal. *Id.*

Plaintiff has failed to cooperate with the requirements for discovery. He has failed to produce documents, failed to appear for depositions, and has ignored orders of the Court in doing so. The case has been pending for over two and a half years, still without significant discovery,

either the deposition of Plaintiff or any production of requested documents. The Court and Court staff have expended additional time and effort on this case, because of his discovery misconduct and failures.

### 3. *Culpability of the Litigant*

A third factor from the Tenth Circuit's guidance instructs the District Court to consider the culpability of the litigant with the Tenth Circuit reserving dismissal for instances when facts suggest "willfulness, bad faith, or [some] fault." *Lee v. Max Int'l, LLC* at 1321. More than an "inability to comply" is required. *Id.* The undersigned concludes that Plaintiff's continued misconduct has been intentional and in bad faith.

Plaintiff has filed frivolous motions on the eve of his deposition (ECF 84, 85), did not appear for his duly noticed deposition (ECF 92-10), refused to produce documents, and personally threatened defense counsel with action against his license to practice law.  Plaintiff made it abundantly clear in a voicemail left for defense counsel (e-mailed to the Court) that even if he was not awarded "a penny" in damages, he would make sure that he found a way to antagonize the Defendants and their lawyers. Similar threats were made in writing (ECF 92-1; ECF 92-6). Moreover, presenting himself at defense counsel's office for a deposition he was plainly told would not occur and then refusing to leave is further evidence of conduct with intent to harass and intimidate (ECF 92-3, ¶¶ 16, 17, 18; ECF 92-9, p. 3).

Plaintiff has made overt threats against Defendants and defense counsel as a target for this litigation, whether or not he recovered any damages.  Such threats constitute bad faith. Plaintiff has also made references throughout this case to various political causes and personalities that have no relevance to the issues here. Although pro se plaintiffs are generally afforded leniency, liberal pleading rules and pro se practice are not vehicles for abusive

assertions and practices. The rules for liberal pleading and latitude for pro se parties are protections to ensure that cases are decided meritoriously. (*See Theriault v. Silber,* 579 F.2d 302 (5th Cir. 1978)).  They are not weapons for seeking revenge or harm against the opposing parties and their counsel.  .

### 4.  Court Warning of Non-Compliance

The previous Report and Recommendation (ECF 44) and Memorandum and Order for Sanctions (ECF), warned Plaintiff that dismissal was a likely sanction against any future misconduct in this case. They included the warning that "Plaintiff is hereby given notice that this Court does not tolerate abusive litigation practices. If he continues to disregard court orders or engage in abusive litigation practices, the Court may impose harsher sanctions against Plaintiff, including dismissal of this case. This notice serves as advance warning to Plaintiff that dismissal of the action will be a likely sanction for any future noncompliance." (*Id* at 7).

The undersigned magistrate judge repeated this warning to Plaintiff in a Memorandum and Order filed May 15, 2015.  It stated that "dismissal of this case could very readily occur as a sanction for any further non-compliance." (ECF 82, p. 6). Plaintiff has been repeatedly warned that dismissal of the case was a possible sanction for further non-compliance. Even after this Memorandum and Order was filed, he failed to appear for his duly noticed deposition on May 27, 2015 (ECF 92-10).  This was less than two weeks after the warning that dismissal was the likely result of further non-compliance.

### 5.  Efficacy of Lesser Sanctions

The last enumerated (even if non-exhaustive) factor the Tenth Circuit gives as guidance for deciding whether dismissal is an appropriate sanction is whether lesser sanctions would be effective.  *Ehrenhaus*, 965 F.2d at 921.  The Tenth Circuit has fully supported dismissal in a case

where the Plaintiffs repeatedly ignored court orders to submit themselves for depositions and comply with court orders when facing with the threat of dismissal. *Jones v. Thompson,* 996 F.2d 261, 265-66 (10th Cir. 1993). The preceding description is appropriate in the instant matter. The Court earlier imposed upon Plaintiff Zander the monetary sanction of $500 (ECF 52). That sanction has not corrected his behavior. The undersigned Magistrate Judge finds nothing to support any suggestion that a sanction less than dismissal would save this litigation or produce any changes in Plaintiff's conduct.

### B.    Other Motions

Since the filing of the instant motion the Court has entered several additional orders, again addressing the failures of Plaintiff to comply with the rules and orders of the Court. On September 3, 2015, the undersigned magistrate judge denied two motions, filed by Plaintiff Zander. By Memorandum and Order (ECF 97) the Court ruled that both motions failed on procedural grounds for Plaintiff's failure to follow the rules that require preliminary conferring and attachment of supporting discovery requests. It also noted a lack of merit for the two motions. In its order the Court again warned Plaintiff that his failures to comply with the rules could lead to the dismissal of this case.

On September 30, 2015, the Court granted Defendants' recent Motion to Enforce Sanction Order. (ECF 99.) The Court directed Plaintiff to pay the previously ordered sanction of $500 no later than October 15, 2015. Again, the Court stated: "The Court advises plaintiff that non-payment may result in further sanctions, up to and including dismissal with prejudice, sanctions for Contempt of court and other sanctions set forth in Rule 37." (*Id.* at 3.) Plaintiff did not pay that sanction. However, he filed a "Request for Motion to Stay Sanction and Move Court to Hold Stay and Stay and Post Stay Bond Under Rule FRCP Rule 62A and 62d". The

Court denied that motion on November 6, 2015 and ordered Plaintiff to pay the $500 sanction by November 16, 2015.  (ECF 104.)

### C.    Plaintiff's Accusations Against Defense Counsel

On several occasions throughout this litigation, as already noted and described, Plaintiff personally has charged defense counsel with unprofessional conduct and has threatened his license as an attorney.   The undersigned magistrate judge, however, has found nothing whatsoever to justify any of those accusations and threats.   To the contrary, the conduct of defense counsel has throughout this litigation been appropriate and consistently in compliance with the ethical and professional duties and standards that govern the practice of law generally and in particular with the requirements of this Court.  This judge thus finds no justification for Plaintiff's accusations.

### D.    Attorneys' Fees

Fed. R. Civ. P. 37(d)(3) states "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Under the totality of the circumstances, the Court recommends that Plaintiff pay Defendants' attorneys' fees in the minimum amount of $1,000.  The Court clearly explained the Federal Rules of Civil Procedure pertaining to discovery and repeatedly warned Plaintiff that he must comply with them during the status conferences of December 19, 2013 and March 18, 2014.  Plaintiff has received numerous prior written warnings about his failures to comply with discovery.  (*See* ECF 44, 52, 82.)  Ultimately, Plaintiff has not corrected—and shows no interest

in ever correcting—his misconduct throughout these proceedings, as described in this Report and Recommendation.

**III.     Conclusion**

Accordingly, for the foregoing reasons, the undersigned Magistrate Judge recommends that the Court enter an order as follows: 1) Defendants' Motion for Sanctions (ECF 91) is GRANTED; 2) order the dismissal of this case with prejudice; and 3) order Plaintiff to pay Defendants' attorneys' fees in the amount of $1,000.00.

Dated this 9th day of November, 2015.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge
