IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM P. ZANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | |
| KNIGHT TRANSPORTATION, INC., ) | No. 13-4016-KHV/GLR |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER

On November 9, 2015, Magistrate Judge Gerald L. Rushfelt filed a Report and Recommendation (Doc. #105) regarding defendants' Motion for Sanctions (Doc. #91) filed June 15, 2015. Judge Rushfelt recommended that defendants' motion be granted, plaintiff's case be dismissed with prejudice and plaintiff pay attorneys' fees of $1,000.00. Proceeding *pro se*, plaintiff filed a written objection to that report on November 23, 2015. See Doc. #107. Having reviewed those objections, the Court adopts the report and recommendation in its entirety.

I.

In his report and recommendation, Judge Rushfelt found that plaintiff had failed to appear at his court-ordered deposition, respond to written discovery requests and comply with court orders. Doc. #105 at 3-6. He also found that plaintiff had engaged in abusive behavior toward defendants and their counsel. Id. at 2-3. Based upon these findings, Judge Rushfelt granted defendants' motion for sanctions and recommended dismissal and an award of attorneys' fees because (1) defendants had suffered actual prejudice due to plaintiff's conduct; (2) plaintiff had interfered with the judicial process; (3) plaintiff had intentionally failed to participate in the

discovery process and made overt threats against defendants and their counsel; (4) the court had warned plaintiff that dismissal was a possible sanction; and (5) other sanctions would not deter further discovery violations by plaintiff. Id. at 9-13.

In response, plaintiff initially suggests that Judge Rushfelt proposed sanctions "to cover up [the court's] hatred for the first black president and white men who protect minorities and the safety of the Public citizen's (sic)." See Doc. #107 at 1. He continues that this "Bull Connor court is full of racial hate and even Supreme Court Justice Clarence Thomas would be sanctioned and run out of town and would be told to never come back." Id. Without factual support, he then states that Judge Rushfelt (1) failed to notify him of motions and orders so that defendants would have an advantage, (2) was aware of fraudulent behavior by defendants but sanctioned him to cover up a federal crime, (3) failed to order defendants to produce financial records, telephone records and other records, and (4) retaliated against him by requesting healthcare records. Id. at 2-4. Plaintiff thus contends that he is a victim of judicial misconduct.

II.

The Court reviews *de novo* the portions of a magistrate judge's report and recommendation to which a party has specifically objected. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3). The Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." Griego v. Padilla (In re Griego), 64 F.3d 580, 584 (10th Cir. 1991).

Federal Rule of Civil Procedure 37(b)(2) provides that if a party fails to obey "an order to provide or permit discovery," the Court "may issue just orders," including "dismissing the action or proceeding in whole or in part." See Fed.R.Civ.P. 37(b)(2)(A)(v). The imposition of sanctions under this rule falls within district court discretion. See National Hockey League v.

Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976).  That discretion is limited in two ways: the sanction must be "just", and it must relate to the particular "claim" at issue in the discovery order.  See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982).

Dismissal represents an extreme sanction that is appropriate in cases of willful misconduct.  Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir.1992).  This is especially true in cases in which dismissal is sought against a *pro se* party.  The Court must carefully assess whether it might appropriately impose some sanction other than dismissal, so that the *pro se* party does not unknowingly lose his right of access to the courts because of a technical violation.  Id., at n. 3.  The Court evaluates the following factors when considering whether dismissal is an appropriate sanction:  (1) the degree of actual prejudice to defendants, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the litigant in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective.  LaFleur v. Teen Help, 342 F.3d 1145, 1151 (10th Cir. 2003).

### III.

Plaintiff does not address any of the issues discussed in Judge Rushfelt's report and recommendation.  He does not dispute the facts which Judge Rushfelt found or the legal analysis which Judge Rushfelt applied.  Furthermore, his charges of judicial misconduct are baseless.

The Court has conducted a *de novo* review of Judge Rushfelt's well-reasoned report and recommendation and after reviewing the record, adopts it in its entirety.  For all of the reasons stated therein, dismissal is an appropriate sanction pursuant to Fed.R.Civ.P. 37(b)(2)(A)(v).

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Doc. #105) filed November 9, 2015 with regard to defendants' Motion for Sanctions (Doc. #91) filed June 15, 2015 be and hereby is adopted in its entirety.

**IT IS FURTHER ORDERED** that the Response and Objection to Report and Recommendation (Doc. #107) which plaintiff filed November 23, 2015 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that dismissal with prejudice be and hereby is entered in favor of defendants.

**IT IS FURTHER ORDERED** that no later than 5:00 p.m. on December 23, 2015, plaintiff pay attorneys' fees to the defendants in the amount of $1,000.00

**IT IS SO ORDERED**.

Dated this 17th day of December, 2015, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge